## The Inhabitants of the Township of Greenville *vs.* Seymour and others, Commissioners.

1. A preliminary injunction will not be granted on doubtful points of constitutional law; nor to restrain the execution of laws because the authority delegated by them may be used unwisely, or injuriously to the public.

2. This court will not interfere with the exercise of delegated powers, within the limits allowed by the acts conferring them, but the perversion or abuse of such powers, either actual or threatened, will be restrained, when made to appear.

3. In this case an injunction denied because the provisions of the acts, however impolitic or oppressive, were within the power of the legislature to enact, and no sufficient cause was shown to interfere with the action of the commissioners.

On rule to show cause. Argued on bill, answer, and affidavits, before the Vice-Chancellor, to whom the same had been referred.

*Mr. J. F. McGee* and *Mr. Ransom*, for complainants.

*Mr. Leon Abbett*, for defendants.

THE VICE-CHANCELLOR.

The defendants derive their appointment, duties, and powers, from the provisions of five several acts of the legislature relating to the township of Greenville, in the county of Hudson. These acts were respectively approved, as follows: April 2d, 1866; March 27th, 1868; March 9th, 1869; April 2d, 1869; and March 2d, 1870. By their terms they constitute five persons "Commissioners of Surveys," and "The Street Commissioners of Greenville;" and empower them to map the township, to lay it out in streets, to vacate old streets, to prevent the opening of new ones without their approval, to establish grades, to cause streets to be worked, paved, or lighted, to make contracts for necessary works and improvements, to issue "improvement certificates" to contractors in payment for work and materials, to borrow money on the credit of the township, and to exercise other functions and powers relating to streets, avenues, and parks, which it is unnecessary more particularly to state.

Under these acts, the defendants were going on with the opening, working, and general management of the streets, expending thereon the public moneys, and contracting township debts.

The bill for an injunction is filed by direction of the township committee, in the name of "The Inhabitants of the Township of Greenville." Its object is to restrain the defendants from further proceedings under said acts, or any of them, and from exercising any power or powers therein conferred.

The numerous special grounds on which the injunction is

asked for, are all included in two general statements : first, that the map of the township, whereon its streets and avenues are designated, and according to which the defendants are going on with their work, is insufficient, incorrect and illegal, and that the manner in which the defendants have carried on and conducted the work is injudicious, improper, unnecessarily expensive, and highly injurious to the interests of the township ; second, that the legislative acts above mentioned, or some of them, as to a number of their provisions, are unreasonable, unconstitutional, and void, and ought to be so declared by this court.

Since the hearing of the argument in which these special grounds were discussed, the most important and substantial of the questions involved in them have been decided by the Supreme Court of this state, in the case of The State *ex rel.* The Hudson County Land Improvement Company, *v.* Seymour and others.

The certiorari in that case was directed to the same officials who are defendants in the bill of complaint. It brought up for review the same map according to which the commissioners are now working, and presented for adjudication the constitutional objections mainly relied on by counsel in their argument in this court.

Before the decision of the Supreme Court was rendered, my conclusions were given adversely to the prayer of the bill. In view of the fullness of the opinion of that court, overruling the objections there raised, and sustaining the sufficiency of the map, it is unnecessary to do more than refer to it in support of those conclusions.

A preliminary injunction will not be granted on doubtful points of constitutional law ; nor to restrain the execution of laws because the authority delegated by them may be used unwisely, or injuriously to the public. In the present case, in the absence of the decision of the Supreme Court, there seemed to me no serious doubt that, however impolitic and oppressive some of the provisions of these acts may be deemed, the legislature had the power to enact them. The

Inhabitants of Greenville *v.* Seymour.

defendants are vested with extensive and extraordinary powers to lay out and control streets, to affect, in various ways, the interests and property of the inhabitants of the township, and impose on them the burdens of public debt. But this court cannot interfere with the exercise of those powers within the limits of the discretion allowed by the acts themselves. The remedy for the evils apprehended from their exercise is with the legislature. The perversion or abuse of such powers, actual or threatened, this court will restrain, when such perversion or abuse are made to appear. But, so far as the pleadings and affidavits now disclose, I can find no grounds on which an injunction can issue.

I shall advise that the injunction be denied.